

**FILED**

*9:59 am, 4/3/24*

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

MACEDONIO PEREZ GARCIA, JESUS FRANCISCO CERVANTES GARCIA, YOLANDA GARCIA GARCIA, and JOSEPH ROOFING, LLC,

        Plaintiffs,

vs.

ERICH STEVEN TRUCKER,

        Defendants.

Case No: 23-CV-214-R

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS [3] AND DEFENDANT'S MOTION TO STRIKE [4]

This matter is before the Court on Defendant's Motion to Dismiss [ECF No. 3] and Defendant's Motion to Strike [ECF No. 4]. The Court having carefully considered the Motions, finds: Defendant fails to provide a short, concise statement of the arguments and authorities in support of each Motion as required by the Local and Federal Rules. Consequently, both Motions are denied.

### BACKGROUND

On November 13, 2023, Plaintiffs filed a Complaint [ECF No. 1] asserting sixteen total claims against Defendant for defamation, intentional infliction of emotional harm, trade disparagement, and unfair competition. On March 4, 2024, Defendant filed Motions to Dismiss and to Strike. Defendant's Motion to Dismiss requests the Court dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) for failure to state a cause of action. Defendant's Motion to Strike requests an order striking paragraphs 26, 27, 28, and 29 from Plaintiffs' Complaint.

Defendant claims the information contained in the paragraphs has no bearing on the allegations made by Plaintiffs and only serves to scandalize Defendant in the public record.

## RELEVANT LAW

A motion to dismiss brought under Rule 12(b)(6) alleges a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion under Rule 12(b)(6) should only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). In examining a claim's sufficiency, the Court may not "weigh potential evidence that the parties might present at trial." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003). Rather, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff" while assessing "whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (internal quotations and citations omitted); *Dubbs*, 336 F.3d at 1201. Additionally, the Court may consider documents outside of the Complaint when "the document is referred to in the complaint," the document "is central to the plaintiff's claim," and the "defendant . . . submit[s] an indisputably authentic copy." *GFP Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

Although Rule 12(b)(6) requires the Court to accept the factual allegations contained in a plaintiff's complaint as true, the Court is not required to accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002). A claim stated in a complaint must be supported by enough facts to be "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 8(a) of the Federal Rules of Civil Procedure provides a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(f) of the Federal Rules of Civil Procedure addresses pleadings that go beyond the necessary requirements set forth in the Federal Rules and provides a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Striking portions of a pleading under Rule 12(f) is a drastic remedy and is generally disfavored. *Manchester Uptown ABQ, LLC v. Travelers Cas. Ins. Co. of Am.*, No. 20-CV-717 MV/LF, 2021 WL 75955, at *1 (D.N.M. Jan. 8, 2021).  "The decision as to whether to strike a portion of a complaint "is within the court's discretion." *Id*. (internal quotations and citations omitted).

## RULING OF THE COURT

In the instant Motions, Defendant seeks to dismiss Plaintiffs' Complaint for failure to state a claim and to strike portions of Plaintiffs' Complaint as unnecessary and scandalous. Defendant's Motions are comprised of one sentence each:

> Comes now the defendant and moves the court, pursuant Rule 12 (b) (6) fo[r] an Order dismissing the complaint herein in the grounds that it fails to state a cause of action.

[ECF No. 3 at 1].

> Comes now the defendant and moves the court f[o]r an order striking the material contained in paragraphs 26, 27,28 and 29 which have no bearing on the allegations being made by the plaintiff in this matter and serve only to scandalize the defendant on the public record.

[ECF No. 4 at 1].

The Federal Rules provide an avenue for a case to be dismissed when a party fails to state a claim upon which relief can be granted and to strike immaterial and scandalous information from a pleading. However, the Federal Rules also provide an avenue for district courts to create local rules. Fed. R. Civ P. 83(a)(1). All litigants must follow the local district rules. *Johnson v. Marlar*, 807 F. App'x 791, 796 (10th Cir. 2020) (internal quotations and citations omitted).

Defendant's Motion to Dismiss is dispositive and the Motion to Strike is non-dispositive.[1] The United States District Court for the District of Wyoming has adopted Local Rules addressing both dispositive and non-dispositive motions. "A dispositive motion ***must*** be accompanied by a separately-filed written brief containing a short, concise statement of the arguments and authorities in support of the motion." U.S.D.C.L.R. 7.1(b)(2)(A) (emphasis added). "A non-dispositive motion ***shall*** include a short, concise statement of the arguments and authorities in support of the motion." U.S.D.C.L.R. 7.1(b)(1)(B) (emphasis added). "Requiring a statement of the arguments and authorities in support of a motion reduces the likelihood of prejudice to either party, and assures that the court comprehends the basis of the motion, allowing the court to deal with it fairly." *Montana v. Lampert*, No. 06-CV-270-D, 2007 WL 9735274, at *1 (D. Wyo. May 21, 2007) (citing *Calderon v. Kansas Dept. of Social and Rehabilitation Services*, 181 F.3d 1180, 1186 (10th Cir. 1999)). Additionally, Rule 7(b) of the Federal Rules of Civil Procedure provides that a request for a court order **must** be made

---

[1] "[A]ny motion not listed in Local Rule 72.1(c) is a non-dispositive motion." U.S.D.C.L.R. 7.1(b)(1)(A)

by motion and that the motion **must** state with particularity the grounds for seeking the order and state the relief sought.  Fed. R. Civ. P. 7(b)(1) (emphasis added).

Defendant's Motions fail to comply with the requirements imposed by the Local and Federal Rules.  As addressed above, the Motions are one sentence each and neither offers any argument nor supporting authority.  While the Motion to Dismiss does state Defendant is seeking dismissal pursuant to Rule 12(b)(6), it does not set forth which of Plaintiffs' sixteen claims for relief fails to state a claim on which relief could be granted.  Similarly, the Motion to Strike identifies the paragraphs of Plaintiffs' Complaint at issue and claims the information has no bearing on the matter and is scandalous.  But again, the Motion does not provide any substantive argument or authority to support such a claim.  Further, the Local Rules state:

> the Court will not entertain any non-dispositive motion unless counsel for the moving party has conferred and made reasonable good faith efforts to resolve the dispute with, or obtain the consent of, opposing counsel prior to filing the motion. The moving party shall state in the motion the specific efforts to comply with this rule and the position of the opposing party. A motion may be summarily denied for failure to certify conferral.

U.S.D.C.L.R. 7.1(b)(1)(A).  Defendant's Motion to Strike lacks any evidence of conferral.

## Conclusion

Defendant's Motion to Dismiss and Motion to Strike fail to comply with the Local Rules for the United States District Court for the District of Wyoming and the Federal Rules of Civil Procedure.  Each Motion consists of one sentence and neither Motion provides any substantive argument or authority in support of the relief requested.

THERFORE IT IS ORDERED Defendant's Motion to Dismiss [ECF No. 3] is DENIED.

IT IS FURTHER ORDERED Defendant's Motion to Strike [ECF No. 4] is DENIED.

Dated this 3rd day of April, 2024.

Kelly H. Rankin
United States District Judge