United States District Court

For The District of Wyoming

**FILED**

*1:37 pm, 4/28/26*

**Margaret Botkins
Clerk of Court**

MACEDONIO PEREZ GARCIA,

Plaintiff,

v.

ERICH STEVEN TUCKER,

Defendant.

Civil No. 23-CV-214-R

## ORDER RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the Defendant's Motion for Summary Judgment [ECF No. 38]. The Court, having carefully considered the Motion, Response, and arguments made during the April 20, 2026, hearing on the matter, FINDS:

### BACKGROUND

This case is before the Court on Plaintiff's Complaint asserting claims against Defendant Erich Steven Tucker for defamation, defamation per se, intentional infliction of emotional harm, trade disparagement, and unfair competition. [ECF No. 1, at 8–18]. Joseph Roofing, LLC is owned and operated by Mascedonio Perez Garcia. *Id*. at 2. Defendant owns his own roofing business that competes with Joseph Roofing. *Id*. at 3.

Plaintiff alleges that on May 19, 2023, and numerous times thereafter, Defendant made and published defamatory remarks regarding Joseph Roofing. Defendant generally denies the allegations contained in the Complaint. *See* [ECF No. 5].  After stipulation by the parties the only Plaintiff remaining in the case is Mascedonio Perez Garcia.  [ECF No. 29].

**MOTION FOR SUMMARY JUDGMENT**

Defendant moves for summary judgment on all claims against him as alleged in the Complaint.  Defendant first argues Plaintiff's claims for defamation and defamation per se fail because the posted comments were true, and Plaintiff cannot show any evidence of actual pecuniary or economic loss because of Defendant's actions.  Defendant next argues the claims for intentional infliction of emotional harm fail because Plaintiff has not, and cannot, shown he was severely distressed by the posted comments.  Last, Defendant argues the case should be dismissed based on lack of diversity jurisdiction because Defendant was a resident of Wyoming when the suit was filed.

Plaintiff's Response argues Defendant's request to dismiss his second claim for relief alleging defamation per se should be denied.  Plaintiff argues Defendant's online posts alleging Plaintiff is a criminal that has engaged in matters incompatible with his business and professional dealings sufficiently sets forth a valid claim for defamation per se.  Plaintiff further agrees to dismissal of the claims for defamation, intentional infliction of emotional harm, trade disparagement, and unfair competition.  Plaintiff asks that the case proceed on the sole remaining claim of defamation per se, and its corresponding requested relief including punitive damages.

## RELEVANT LAW

This is a diversity case, and generally "[a]bsent any conflicting constitutional requirements, federal statutes or Federal Rules of Civil Procedure, a federal district court sitting in diversity applies federal procedural law and state substantive law." *Jones v. United Parcel Serv., Inc.*, 674 F.3d 1187, 1203 (10th Cir. 2012). Therefore, federal law controls the procedural question regarding summary judgment. *Id*. at 1195. (internal citations omitted).

A district court's decision on summary judgment is reviewed *de novo*. *Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008). Rule 56 of the Federal Rules of Civil Procedure provides that a "court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is material if it is necessary to determine the outcome of the case. *Roberts v. Jackson Hole Mountain Resort Corp.*, 884 F.3d 967, 972 (10th Cir. 2018). A dispute is genuine if evidence exists that may lead a reasonable trier of fact to return a verdict for the nonmoving party. *Olivero v. Trek Bicycle Corp.*, 291 F. Supp. 3d 1209, 1218 (D. Colo. 2017). When determining whether a genuine dispute of material fact exists, a court will draw all favorable inferences of factual ambiguities in favor of the nonmovant. *Morlock v. United Parcel Serv., Inc.*, No. 08-CV-44, 2008 WL 11411456, at *2 (D. Wyo. Oct. 9, 2008). Additionally, summary judgment is appropriate when the issues before the district court are questions of law. *Bellock v. United States*, 574 F. Supp. 3d 932, 935 (D. Colo. 2021) (citing *Sheline v. Dun & Bradstreet Corp*., 948 F.2d

174, 176 (5th Cir. 1991)); *Pub. Serv. Co. of Okla. v. Burlington N. R.R. Co.*, 53 F.3d 1090, 1096 (10th Cir. 1995).

If a movant meets their burden in showing that no genuine dispute exists, the nonmovant must submit sufficient evidence in specific factual form showing that a dispute does exist. *Morlock*, No. 08-CV-44, 2008 WL 11411456, at *2. This requires more than "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position . . . there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). The nonmoving party must "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment." *Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir. 2000). "[E]vidence, including testimony, must be based on more than mere speculation, conjecture or surmise." *Bones* v. *Honeywell Int'l, Inc.,* 366 F.3d 869, 875 (10th Cir. 2004). Unsubstantiated conclusory allegations carry no probative weight in summary judgment proceedings and do not create a genuine issue of fact. *Phillips* v. *Calhoun,* 956 F.2d 949, 951 n.3 (10th Cir. 1992).

**RULING OF THE COURT**

*Rules Violation*

The Court begins by noting Defendant's Motion for Summary Judgment violates Rule 56(c) of the Federal Rules of Civil Procedure as well as several Local Rules. First, Local Rule 7.1 requires a dispositive motion to be "accompanied by a separately-filed written brief containing a short, concise statement of the arguments and authorities in

support of the motion." D. Wyo. L.R. 7.1(b)(2)(A). The Rule goes on to limit briefs in support of and in opposition to all dispositive motions to twenty-five (25) pages, and permission to file briefs exceeding the stated limit are only allowed upon motion and "when complex or numerous legal issues justify such relief." D. Wyo. L.R. 7.1(b)(2)(B). Defendant's filings in this matter consist of a two-page Motion for Summary Judgment [ECF No. 38], and an attachment of five hundred and seventy-four pages. [ECF No. 38-1]. The attachment contains a seven-page Memorandum in Support of the Motion for Summary Judgment, with the remaining pages covering Defendant's affidavit and complete copies of deposition transcripts. *Id*. Local Rule 7.1(c) requires each supporting exhibit in support of the motion to be filed as a separate attachment, and only the "exhibits or portions thereof specifically cited in the briefing and upon which the party relies" should be filed as an attachment. D. Wyo. L.R. 7.1(b)(1), (2). The Rule goes on to state "(a)ny exhibits or portions thereof attached which are not cited or referred to with particularity may not be considered." D. Wyo. L.R. 7.1(b)(2). Rule 56 of the Federal Rules of Civil Procedure also addresses this issue and requires that a party moving for summary judgment must support the motion by "citing to particular parts of materials in the record, including depositions." Fed. R. Civ. P. 56(c)(A).

The Defendant's Memorandum in Support of Summary Judgement references general deposition testimony of the parties, and quotes from page five of Plaintiff Macedonio Perez' Deposition. [ECF No. 38-1]. However, the Defendant does not file each exhibit as a separate attachment, and more importantly, does not specifically cite the

relevant testimony and the exhibits are not limited to only those portions directly relied upon. Rather, Defendant's Memorandum states:

> In addition to the affidavit and deposition of the Defendant, Erich Tucker, the depositions of plaintiffs Macedonio Perez and Jesus Perez and Austin Dobner, an associate and employee of the defendant, are submitted in support of defendant's Motion for Summary Judgment. The entire depositions are submitted with excerpts being referenced in the Motion and memorandum to demonstrate the viability of Rule 56 Summary Judgment.

*Id.* at 2.

Defendant's filing amounts to a document dump containing hundreds of pages that have no relevance to the pending Motion. Defendant's statement does not comply with the Local and Federal Rules. Plaintiff's Response acknowledges Defendant's filings are in violation of the rules but asks that the Court overlook the issues and address the matters on the merits. The Court admonishes defense counsel for the improper filings. Any further filings shall strictly comply with the Federal and Local Rules.

### *Defamation Per Se*

In assessing the merits of the Motion, Plaintiff's Complaint alleges five claims: 1. defamation; 2 defamation per se; 3. intentional infliction of emotional harm; 4. trade disparagement; and 5. unfair competition. Plaintiff's Response addresses the second claim for defamation per se and withdraws the remaining claims. Given Plaintiff's concessions, the Court will address the sole remaining claim of defamation per se.

Plaintiff alleges that on Mary 19, 2023, Defendant made a post online "plainly and unequivocally" stating that Plaintiff and his family were a "bunch of thieves" and that they "stole roofing material." [ECF No. 41, at 9]. Plaintiff further alleges Defendant's online

6

post asserted that Plaintiff's work was "horrible" and that he was "not even registered or licensed," and that he did "not have general liability" coverage. *Id*. Defendant acknowledges, making comments online that "the people running Joseph Roofing were a 'bunch of thieves.'" [ECF No. 38-1, at 6]. However, Defendant argues truth is a valid defense. Defendant offers witness testimony alleging Plaintiff took and used tools that did not belong to him and took copper from Defendant's job sites and sold it without permission. *Id*.

Wyoming courts have defined a defamatory communication as "one which tends to hold [a party] up to hatred, contempt, ridicule or scorn or which causes [the party] to be shunned or avoided; one that tends to injure [the party's] reputation as to diminish the esteem, respect, goodwill or confidence in which [the party] is held." *USI Ins. Servs. LLC v. Craig*, No. 18-CV-79-F, 2018 WL 9868577, at *6 (D. Wyo. Aug. 9, 2018) (quoting *Hoblyn v. Johnson*, 2002 WY 152, ¶ 41, 55 P.3d 1219, 1233 (Wyo. 2002)). While a claim for defamation generally requires a showing of damages, "Wyoming recognizes claims for defamation per se and damages are presumed under defamation per se." *Id*. (citing *Hill v. Stubson*, 2018 WY 70, ¶ 25, 420 P.3d 732, 741 (Wyo. 2018)).

> Defamation per se means a statement which is defamatory on its face and, therefore, actionable without proof of special damages. The only statements classified as defamatory per se or damaging on their face, and which therefore do not require proof of special harm, are those which impute (1) a criminal offense; (2) a loathsome disease; (3) a matter incompatible with business, trade, profession, or office; or (4) serious sexual misconduct.

*Id*. (quoting *Hill*, ¶ 420 P3.d at 741)). "A defamation per se claim does not require proof of pecuniary or economic loss." *Lewis v. Francis*, 2025 WY 109, ¶ 15, 577 P.3d 433, 437

(Wyo. 2025) (citing *Thomas v. Sumner*, 2015 WY 7, ¶ 49, 341 P.3d 390, 402 (Wyo. 2015*)*, 341 P.3d at 402 (citing Restatement (Second) of Torts § 558 (1977)).

While damages can be presumed in a claim of defamation per, a successful claim requires a prima facia showing that:

> (1) the defendant made a **false and defamatory** communication concerning the plaintiff; and (2) the defendant made an unprivileged publication to a third party; and (3) at the time of the publication the defendant knew the communication was false, or the defendant acted in reckless disregard of whether the statement was false; or the defendant acted negligently in failing to ascertain whether the communication was false.

*Thomas*, ¶ 49, 341 P.3d at 402 (emphasis added). In order to raise a successful defamation per se claim under Wyoming law the communication at issue must be false, and "communications that are 'substantially true' are a complete defense to a defamation action." *Id*. (quoting *Tschirgi v. Lander Wyoming State Journal*, 706 P.2d 1116, 1119–20 (Wyo.1985)). The Wyoming Supreme Court further expanded on this notion by explaining "it is not necessary to prove the literal truth of the accusation in every detail, and that it is sufficient to show that the imputation is substantially true, or, as it is often put, to justify the gist, the sting, or the substantial truth of the defamation." *Id*.

Damages are presumed upon a showing of defamation per se because the statement "by definition, tends to injure the plaintiff's reputation; tends to diminish the esteem, respect, goodwill or confidence in which he is held; and tends to hold him up to hatred, contempt, ridicule or scorn or causes him to be shunned or avoided." *McCall v. Best of the W. Prods., LLC*, 2026 WY 21, ¶ 32, 583 P.3d 1221, 1231 (Wyo. 2026) (citing *Lewis*, ¶ 14, 577 P.3d at 437 (quoting *Bextel v. Fork Rd. LLC*, 2020 WY 134, ¶ 12, 474 P.3d 625, 629

(Wyo. 2020)).    Wyoming law regarding defamation per se was derived from the Restatements (Second) of Torts, and Wyoming courts have found the Restatement instructive.  *Id*.  Specifically, the Wyoming Supreme Court has looked at Comment (a) to § 621 of the Restatement (Second) of Torts that states, "in defamation actions general damages are imposed for the purpose of compensating the plaintiff for the harm that the publication has caused to his reputation."  *Id*.  (citing Restatement (Second) of Torts § 621 Comment a (1977) (Westlaw September 2025 Update)).  Comment (a) further states:

> At common law general damages have traditionally been awarded not only for harm to reputation that is proved to have occurred, but also, in the absence of this proof, for harm to reputation that would normally be assumed to flow from a defamatory publication of the nature involved. This presumption of general damage to reputation from a defamatory publication that is actionable per se affords little control by the court over the jury in assessing the amount of damages.

*Id*.  Recovery under a claim of defamation per se is not limited to one specific category of damages.  Rather, a successful plaintiff may recover for general damages, special damages, as well as "for emotional distress and resulting bodily harm.".  *Id*.  The trier of fact may award damages as they see fit, and "may award more than a nominal amount as defamation per se damages. Like other damage award matters, it is for the trier of fact—the jury in the case before us—to determine."  *Id*.

Defendant claims the assertion that Plaintiff and his family are a "bunch of thieves" is not actionable because it is true.  Defendant claims that Plaintiff possessed tools that did not belong to him with the intent to deprive the owner of possession.  Defendant offers witness testimony stating that Plaintiff was allowed to use certain tools, but that he did not return them and had no intention of doing so.  Plaintiff disputes this assertion and claims

the tools in his possession were obtained with permission of the owner and he had no intention of permanently keeping them. Additionally, Defendant claims Plaintiff took leftover copper from job sites that did not belong to him and sold the copper to recycling centers without permission or authority to do so. Again, Plaintiff disputes the allegation and claims he had permission to scrap the copper and distribute the proceeds to the individuals that worked on the projects. These are disputed issues of fact that must be addressed by the jury based upon the evidence and testimony presented at trial. The Court is without sufficient information to determine whether the allegations made by Defendant in his online post regarding Plaintiff's possession of tools and copper are true or substantially true, and whether the Defendant knew the allegations were false, or acted in reckless disregard as to whether the allegations were false or the Defendant acted negligently in failing to ascertain whether the allegations were false.

Next, Plaintiff claims Defendant's online posting stating that Plaintiff's work was "horrible" and that he was "not even registered or licensed," and that he did "not have general liability" coverage amounts to defamation per se as a matter incompatible with business, trade, or profession. Defendant argues these statements do not meet the definition of defamation per se. Rather, Defendant claims the statements could only be actionable as defamation upon a showing of pecuniary loss. The Court is not persuaded by Defendant's argument. The jury could reasonably find Plaintiff's allegations are matters incompatible with Plaintiff's business practice and dismissal on summary judgment is not appropriate.

## Diversity Jurisdiction

As stated above, this case is before the Court based on diversity jurisdiction. Defendant claims the case should be dismissed based on lack of diversity jurisdiction. Specifically, Defendant claims "at the time the suit was filed he was a resident of Wyoming as evidenced by documentation." [ECF No. 38-1, at 7]. Federal courts have jurisdiction over civil suits between "citizens of different States" and "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C.A. § 1332(a). Courts look at an individual's domicile when addressing citizenship for purposes of diversity jurisdiction. *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1303 (10th Cir. 2025). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Id*. (internal citations and quotations omitted). "Or, in other words, domicile consists of residence plus an intent to remain there indefinitely." *Id*. Residence does not equal domicile. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (internal citation omitted).

Defendant summarily states he was a resident of Wyoming at the time the litigation was initiated. This is insufficient to establish domicile for purposes of diversity jurisdiction. Further, 28 U.S.C.A. § 1332(a) specifically grants jurisdiction based on diversity of citizenship between citizens of a state and citizens of a foreign state. The sole remaining Plaintiff, Mr. Perez Garcia, is a citizen of Mexico.

Additionally, at the hearing Defendant briefly questioned Plaintiff's Complaint meeting the required seventy-five-thousand-dollar jurisdictional threshold necessary for diversity jurisdiction. Diversity jurisdiction is granted to federal courts upon a showing of diversity of citizenship, and where the matter in controversy exceeds seventy-five-thousand dollars. 28

11

U.S.C. § 1332(a)(1). "For purposes of federal diversity jurisdiction, the determination of the value of the matter in controversy is a federal question to be decided under federal standards, although the court must look to state law to determine the nature and extent of the right to be enforced in a diversity case." *Cabral v. Willard*, 333 F. Supp. 2d 1108, 1111 (D. Kan. 2004) (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348 (1961)). The Supreme Court established the legal certainty rule to address claims that the amount in controversy fails to meet the statutorily required amount. *Id.* "Under the legal certainty rule, it must appear to the district court to a 'legal certainty" that the plaintiff's claim is really for less than the jurisdictional amount in order to justify dismissal based on an insufficient jurisdictional amount.'" *Id.* (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). A complaint seeking damages of over seventy-five-thousand dollars is generally "sufficient to satisfy the jurisdictional requirement unless it appears to a legal certainty that plaintiff in good faith cannot claim that amount." *Id.*

The Court finds Plaintiff has sufficiently met the jurisdictional threshold. Plaintiff's Complaint states he is seeking more than seventy-five thousand dollars, and the Court cannot find, to a legal certainty, that Plaintiff's claims cannot meet that amount. [ECF No. 1, at 2]. As stated above, under Plaintiff's claims of defamation per se he can seek general damages, special damages, as well as damages "for emotional distress and resulting bodily harm." *McCall*, 583 P.3d at 1232. Plaintiff's case is further bolstered by his request for punitive damages, because "[p]unitive damages may be considered in determining the requisite jurisdictional amount." *Singleton v. Progressive Direct Ins. Co.*, 49 F. Supp. 3d 988 (2014) (quoting *Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003)).

Therefore, Defendant's request to dismiss based on lack of diversity is denied.

CONCLUSION

**NOW, THEREFORE, IT IS ORDERED** Defendant's Motion for Summary Judgment [ECF No. 38] is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** Plaintiff's claims for defamation, intentional infliction of emotional harm, trade disparagement, and unfair competition are dismissed.

**IT IS FURTHER ORDERED** the case proceed on the remaining claim of defamation per se.

Dated this 28th day of April, 2026.

Kelly H. Rankin
U.S. District Judge