**FILED**



# United States District Court

## For The District of Wyoming

**2:23 pm, 6/2/26**

**Margaret Botkins
Clerk of Court**

MASCEDONIO PEREZ GARCIA,

Plaintiff,

vs.

ERICH STEVEN TUCKER,

Defendant.

Civil No. 23-CV-214-R

## ORDER RULING ON PLAINTIFF'S SECOND MOTION IN LIMINE [57]

This matter is before the Court on Plaintiff's second Motion in Limine. [ECF No. 57]. Plaintiff seeks to preclude the admission of Defendant's Exhibit A. Plaintiff argues the disclosure of Exhibit A was untimely, is inadmissible under the Federal Rules of Evidence, and is not relevant. Having carefully reviewed the Motion, Response and being otherwise fully advised, the Court finds Defendant's Exhibit A is not admissible at trial. Accordingly, Plaintiff's Motion in Limine is **GRANTED**.

### BACKGROUND

This case is before the Court on Plaintiff's Complaint, asserting claims against Defendant Erich Steven Tucker for defamation per se. [ECF No. 1]. Joseph Roofing, LLC is owned and operated by Mascedonio Perez Garcia. *Id.* at 2. Defendant owns his own

roofing business that competes with Joseph Roofing. *Id*. at 3.  Plaintiff alleges that on May 19, 2023, and numerous times thereafter, Defendant made and published defamatory remarks regarding Joseph Roofing. Defendant generally denies the allegations contained in the Complaint. *See* [ECF No. 5].

## RELEVANT LAW

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence. Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial. Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." *Motion in Limine*, Black's Law Dictionary 1109 (9th ed. 2009). Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

A motion in limine is a request for the court's guidance concerning an evidentiary question. *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). Judges have broad discretion when ruling on motions in limine. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *C & E Servs., Inc. v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings

2

should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007).

In limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

### RULING OF THE COURT

Plaintiff seeks to preclude the admission of Defendant's Exhibit A claiming it was not timely disclosed, is inadmissible under the Federal Rules of Evidence, and is not relevant. Defendant's proposed Exhibit A is a spreadsheet summarizing fifty-two alleged payments made by Defendant to Joseph Roofing. Each of Plaintiff's arguments will be addressed in turn.

*Defendant's Disclosure of Exhibit A is Untimely*

This case has been pending for several years. Plaintiff's Complaint was filed on November 13, 2023, and the Initial Pretrial Order was issued on June 27, 2024. [ECF Nos. 1 & 15]. A Second Amended Initial Pretrial Order setting the controlling dates and

deadlines was issued on October 16, 2025. [ECF No. 28]. The Second Amended Initial

Pretrial Order clearly sets forth the deadline for exchange of witnesses and exhibits.

> Witness and exhibit lists must be exchanged by the parties (but not filed**) at least ten (10) days before the final pretrial conference**. Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order in accordance with the instructions in the form order. The parties are not required to list rebuttal witnesses or impeachment exhibits.

*Id*. at 8 (emphasis added). The Second Amended Initial Pretrial Order required the parties

to provide the Court with a joint proposed final pretrial order at least seven days before the

final pretrial conference. *Id*. at 7–8. The final pretrial conference was initially set for May

18, 2026, but was reset to May 19, 2026. [ECF No. 46]. Based upon the deadlines

established in the Second Amended Initial Pretrial Order, the parties were to exchange

exhibits on or before May 9, 2026, and provide the Court with a joint final pretrial

memorandum by May 12, 2026. Plaintiff's counsel timely provided the Court, via email

including Defendant's counsel as ordered, with a copy of his proposed final pretrial order

on May 12, 2026. However, the email indicated that the attached proposed final pretrial

order was not completed jointly because Defendant's counsel had not responded to

inquiries regarding the joint final pretrial memorandum. Defendant then filed his own

Submission for Pretrial Conference.[1] [ECF No. 52]. Defendant's filings contained a list

of his expected witnesses, and his objections to Plaintiff's proposed exhibits. But the filing

did not contain or address any exhibits of his own. Plaintiff and the Court only became

---

[1] Defendant's filing of the proposed final pretrial order is in direct violation of the Second Amended Initial Pretrial Order that specifically ordered that "[a] copy of the proposed order must be delivered directly to Judge Rankin's chambers (**but not filed**) via e-mail to wyojudgekhr@wyd.uscourts.gov or by U.S. Mail at least seven (7) days before the final pretrial conference. [ECF No. 28, at 8] (emphasis added).

aware of Defendant's Exhibit A shortly before the Final Pretrial Conference on May 19, 2026.  Defendant's counsel sent an email to Plaintiff's counsel who then forwarded the email to the Court.  The email reads as follows:

> [Defendant's counsel] sent the following exhibit around 11:00 this morning. I don't believe it was filed so I am sending it now and copying [Defendant's Counsel] on this email. (The email also contained an attachment of Defendant's Exhibit A)

Defendant's disclosure of his proposed Exhibit A is untimely and inadmissible under the dates and deadlines established by the Second Initial Pretrial Order.

*Exhibit A is Inadmissible under the Federal Rules of Evidence*

Further, Plaintiff argues Exhibit A is inadmissible under the Federal Rules of Evidence.   Plaintiff argues the summary Exhibit amounts to inadmissible hearsay prohibited by Rule 802 of the Federal Rules of Evidence.  Defendant argues the Exhibit is admissible under the business activity exception to the rule against hearsay under Rule 803(6).  Specifically, Defendant claims the Exhibit is admissible because:

> The defendant will testify that it is the regular business activity of his roofing business to obtain and save bank records showing the payees and amounts of payment to subcontractors such as Perez, d/b/a Joseph Roofing. The defendant will testify that a review of his business records showed that from April 19, 2019 through November 2023 his company paid to Joseph Roofing the sum of $1,095,472.50 as itemized on Exhibit A.

[ECF No. 58, at 4].

To qualify for the business records exception Defendant, as the proponent of the evidence, must show Exhibit A: 1) was prepared in the normal course of business; 2) was made at or near the time of the events it records; 3) based on personal knowledge of the entrant; and have not involved sources or circumstances that would indicate a lack of

trustworthiness. *Great N. Ins. Co. v. Grounded Techs., Inc.*, No. 19-CV-2-SWS, 2020 WL 10356678, at *5 (D. Wyo. May 6, 2020) (citing *United States v. Gwathney*, 465 F.3d 1133, 1140–41 (10th Cir. 2006)).

Defendant fails to satisfy any of the foundational requirements. Defendant's arguments might be persuasive if he had submitted and produced the actual bank records detailing his payment history. "When introducing evidence under Rule 803(6), 'courts generally assume that the business 'record' itself must be introduced, not solely testimony about the contents of a qualifying record.'" *United States v. Harper*, 118 F.4th 1288, 1299 (10th Cir. 2024) (quoting 30B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 6868 (2024)). Exhibit A is a standalone document that summarizes the dates and amounts paid to Joseph Roofing. Therefore, the Court must examine the foundational elements relating explicitly to Exhibit A, and the existence of any documents or records that have not been produced is irrelevant.

First, Defendant has not offered any evidence or testimony showing that such summaries were regularly created documents prepared for business purposes. Rather, Defendant acknowledges the summary was created for the sole purpose of this litigation. Second, Exhibit A was not created at or near the time of events relevant to this case. Exhibit A was created years after the alleged defamation and several years after the checks it summarizes were issued. Third, the circumstances surrounding the Exhibit's creation do not indicate trustworthiness. "It is well-established that one who prepares a document in anticipation of litigation is not acting in the regular course of business." *Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1091 (10th Cir. 2001) (quoting

*Timberlake Const. Co. v. U.S. Fidelity & Guar. Co.*, 71 F.3d 335, 342 (10th Cir. 1995) (citing *Palmer v. Hoffman,* 318 U.S. 109, 114, (1943); Fed. R. Evid. 803(6) (advisory committee's note); *see also Certain Underwriters at Lloyd's, London v. Sinkovich,* 232 F.3d 200, 204 n.2 (4th Cir. 2000) (noting that documents "prepared in view of litigation[ ] are not admissible as business records under Rule 803(6) and illustrate ... that such documents prepared specifically for use in litigation are 'dripping with motivations to misrepresent'") (citing *Hoffman v. Palmer,* 129 F.2d 976, 991 (2d Cir. 1942)); *Noble v. Ala. Dep't of Envtl. Mgmt.,* 872 F.2d 361, 366 (11th Cir. 1989) (holding that court erred in admitting letter as business record where "testimony was not adequate to establish that the letter was compiled as a matter of regular practice, as opposed to one prepared in anticipation of litigation").

Defendant has not offered information or evidence that would satisfy any of the foundational requirements establishing that Exhibit A was kept during a regularly conducted business activity.  Exhibit A more closely resembles a Summary to Prove Content under Rule 1006 of the Federal Rules of Evidence.  Rule 1006 allows for the admission of summaries of voluminous materials as evidence to prove the content of voluminous admissible records that cannot be conveniently examined in court.  However, "[t]he proponent must make the underlying originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place."  Fed. R. Evid. 1006(b).  Exhibit A is not admissible as a summary to prove content because Defendant has not produced or identified the underlying bank records and documentation.

*Exhibit A is not Relevant*

Last, Plaintiff argues the Exhibit is not relevant to the sole remaining claim of defamation per se or to Plaintiff's pursuit of punitive damages. Defendant argues the Exhibit is relevant because it:

> shows that the defendant was in a position to know the truth of the plaintiff's business practices gained through his position as owner of his roofing company. The Exhibit is relevant and shows that it is more probable than not that the plaintiff was speaking truth when posting the "warning."

*Id*. at 2–3. The Court is not persuaded by Defendant's argument. While there may be some relevance to Defendant's testimony regarding the preexisting business relationship between the parties, Exhibit A is not directly relevant to the claims or defenses. Defendant can offer direct testimony regarding his business and personal relationship with Plaintiff. A list of the dates and amounts Defendant paid Plaintiff's roofing company does not relate to the sole remaining claim of defamation per se, or the issue of punitive damages.

## CONCLUSION

Defendant's Exhibit A is inadmissible because it was untimely disclosed, contains inadmissible hearsay, and is not relevant to the remaining claims and defenses. Plaintiff's Motion in Limine is **GRANTED**. Defendant may not offer Exhibit A into Evidence. However, the issue of how often, when, and how much was paid to Joseph Roofing is potentially relevant to Defendant's defense in this matter. The Court will not prematurely deny Defendant the ability to testify about his business and personal relationship with Plaintiff. Any such testimony can be addressed at trial and, if allowed, will be subject to cross examination and presentation of rebuttal evidence. Finally, the Court cannot predict

8

the precise testimony and evidence that will be offered at trial, the foundation laid for it, or whether and how it will relate to the elements of Plaintiff's claims. Accordingly, while the Motion is granted, the Court's ruling is subject to revision based on the evidence and arguments presented at trial.

**NOW, THEREFORE, IT IS ORDERED** the parties proceed as outlined in this Order, and any rulings made herein may be reconsidered at trial if appropriate.

Dated this 2nd day of June, 2026.

_____
Kelly H. Rankin
U.S. District Judge